815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Robert LAY, Plaintiff-Appellant,
v.
Dean KIDWELL, Assistant Commonwealth Attorney; Stephen
Moriarty, Assistant Commonwealth Attorney,
Defendants-Appellees.
 No. 86-6785.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 5, 1987.
Decided March 23, 1987.
 
 Before SPROUSE, ERVIN,and WILKINSON, Circuit Judges.
 John Robert Lay, appellant pro se.
 PER CURIAM:
 
 
 1
 John Robert Lay, a Virginia inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. The district court shall be affirmed for the reasons set forth below.
 
 
 2
 Lay alleges that the two assistant commonwealth attorneys who prosecuted him violated his constitutional rights by continually misrepresenting that his crime had been one of rape instead of sexual battery. Lay claims that this false information tainted his trials, sentencing, and appeals. Moreover, as this misinformation is in his criminal, medical, and prison records, Lay alleges that his prison placement, custody status, good conduct allowance, and his parole eligibility have all been adversely affected. Lay seeks compensatory and punitive damages and requests that all of the false information be stricken from his records.
 
 
 3
 We find that the district court was correct in dismissing Lay's claim for damages pursuant to Imbler v. Pachtman, 424 U.S. 409 (1976) (notwithstanding allegations of malicious and dishonest activity, state prosecuting attorney acting within his duties is absolutely immune from damages in Sec. 1983 suit). Thus, we affirm the district court's dismissal of this part of Lay's complaint in accordance with 28 U.S.C. Sec.l915(d). We also agree that several of Lay's allegations go to the fact or duration of his confinement and therefore require exhaustion under 28 U.S.C. Sec.2254. Lay is attacking the length of his confinement by asserting that conviction for sexual battery may have resulted in a lower sentence or earlier parole. Exhaustion, then, is a necessary prerequisite. See Preiser v. Rodriguez, 411 U.S. 475 (1973) (prisoner must exhaust when seeking restoration of good time credits because core of complaint is duration of confinement); Alexander v. Johnson, 742 F.2d 117 (4th Cir. 1984) (exhaustion is required when Sec. 1983 claim attacks fact or duration of confinement). We affirm the district court's dismissal of this aspect of Lay's complaint without prejudice for failure to exhaust.
 
 
 4
 Lay's allegation that the presence of this information in his prison records adversely affected his prison placement and custody status was also subject to dismissal without prejudice. This claim challenges the conditions of his confinement and, thus, is an appropriate claim under Sec. 1983. Lay has not demonstrated, however, that he has met the jurisdictional predicate to maintaining a Sec. 1983 action on this claim. Before bringing this action, Lay must request that the authorities correct the false information and give the authorities a reasonable opportunity to respond. See Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979). Thus, dismissal without prejudice was appropriate to allow Lay an opportunity to comply with Paine. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 5
 AFFIRMED.